OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co.*

*affirmed by*
*R-1704*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2819
Re: Application of the Texas
Inheritance Tax law when
property passes to a
devisee under a joint
and mutual will executed
by a husband and wife.

We are in receipt of your letter of October 11,
1940, in which you request the opinion of this department
as to the application of the Texas Inheritance Tax law to
the following situation:

"J. W. Thomas and wife, Mrs. Annie E.
Thomas, of Bastrop County, in the year of
1929 executed a joint and mutual will which
devised to the survivor all of the community
property for the benefit of the survivor
during life with the power to 'buy, sell,
convey, exchange, handle and manage the same
in anyway and manner they may see fit during
the lifetime of such Survivor.'

"At the death of the survivor the prop-
erty was bequeathed to the surviving heirs
of Mr. and Mrs. Thomas, one-half to descend
to her heirs and the other half to pass to
his heirs. The question now arises in the
closing of this estate for inheritance tax
purposes, as to whether or not the property
of Mr. Thomas, who died first, passed to his
heirs at that time or whether or not all of
the estate passed at the death of the survivor,
one-half to the heirs of Mr. Thomas and the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

other half to the heirs of Mrs. Thomas."

Article 7117, Vernon's Annotated Civil Statutes, reads as follows:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, including property passing under a general power of appointment exercised by the decedent by will, including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, whether belonging to inhabitants of this State or to persons who are not inhabitants, regardless of whether such property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification. Any transfer made by a grantor, vendor, or donor, whether by deed, grant, sale, or gift, shall, unless shown to the contrary, be deemed to have been made in contemplation of death and subject to the same tax as herein provided, if such transfer is made within two (2) years prior to the death of the grantor, vendor, or donor, of a material part of his estate, or if the transfer made within such period is in the nature of a final distribution of property and without adequate valuable consideration. Acts 1923, 2nd C.S., p. 63; Acts 1929, 41st

Leg., 1st C.S., p. 109, ch. 50, § 1; Acts
1939, 46th Leg., H. B. # 990, § 1."

Article 7123, Vernon's Annotated Civil Statutes,
reads as follows:

"If the property passing as aforesaid
shall be divided into two or more estates,
as an estate for years or for life and a
remainder, the tax shall be levied on each
estate or interest separately, according
to the value of the same at the death of
the decedent. The value of estates for
years, estates for life, remainders and
annuities, shall be determined by the 'Ac-
tuaries Combined Experience Tables,' at
four per cent compound interest."

Under the above quoted articles unquestionably
the inheritance tax is due on the husband's share of the
community estate which he leaves at his death and is pay-
able by his heirs on their respective interests or estates
in such decedent's property. The tax is due at such time
and is to be paid by the various estates or interests in
proportion to the value of each interest in the property.
There is no provision for the postponement of the payment
of the tax until the property is actually received by the
remaindermen. The Austin Court of Civil Appeals, in the
case of Bethea v. Sheppard, (as yet unreported), stated as
follows:

"Manifestly the statutes do not au-
thorize the postponement of the tax to
await such contingency or conditions sub-
sequent, and these conclusions answer all
alternative contentions of appellant that
only portions of the value of the corpus
or principal were taxable. Our above con-
clusions also deny the contention of appel-
lant that the tax should be postponed to
determine what eventually might happen dur-
ing the eight year period after the death
of grantor or settlor. Nothing in the stat-
ute authorizes such postponement of the tax;
but to the contrary it shows that the Legis-
lature intended that the tax become due and

Honorable George H. Sheppard, Page 4.

> payable immediately after the death of
> grantor, * * *."

The question in the specific case which you present
is whether or not the property belonging to the one half com-
munity interest of J. W. Thomas which has now passed to his
remaindermen or heirs passed under the terms of his will at
the time of his death at which time it was taxable or did it
pass upon the death of his wife, the survivor. It is our
opinion that the former is the correct analysis of the sit-
uation. Under the will Mr. Thomas left his share of the com-
munity estate to his wife for her life with the power to dis-
pose of the same but provided that if any of the same was
left at the death of his wife that it should go to his heirs.
It is our opinion that when heirs so take the remaining prop-
erty at the death of Mr. Thomas' surviving wife they are tak-
ing the same under the will of Mr. Thomas and whatever inter-
est or estate they had in the property was taxable at the time
of Mr. Thomas' death and would not be taxable at the time of
the death of the surviving wife.

In Opinion No. O-2351 this department construed a
will in which a husband left his property to his wife for life
with power to dispose of same but provided that if any of it
was left at the time of her death the remainder should go to
his daughter. We ruled in said opinion that upon the husband's
death both the wife and the daughter had an interest or estate
in the property which interest or estate should be taxed and
valued in accordance with the value of the same at the time of
the husband's death. This same rule of law was announced by
the Supreme Court of Wisconsin in the case of State v. Merrill,
248 N. W. 909. The court states as follows:

> "The statutory provisions above stated
> disclose a complete scheme for the valuing of
> interests in estates given by will and for the
> imposing of the tax upon such interests trans-
> ferred as of the date of the death of the tes-
> tator, and for the payment of the tax upon its
> imposition, whether the actual enjoyment of
> the interest transferred be present or future.
> The tax is imposed upon the right to receive
> and is fixed by the value of that right. State
> ex rel. Kempsmith v. Widule, 161 Wis. 389, 154
> N. W. 695. The state is entitled to an inheri-
> tance tax measured by the market value of the
> interest transferred and the value for taxing

Honorable George H. Sheppard, Page 5.

purposes cannot be reduced by dividing it
into term estates and remainders. Estate
of Stephenson, 171 Wis. 452, 458, 459, 177
N. W. 579. Thus the several interests
transferred by the will in suit were sub-
ject to valuation at the time of the testa-
tor's death. * * *."

The United States Board of Tax Appeals passed on
a question very similar to the one you present in the case
of Carrie L. Jones v. Commissioner, decided May 29, 1940.
In that case a testator bequeathed his property to his wife
for life with remainder to their daughter. By the terms of
the will the widow was given the power to dispose of the
property including the right to devise, mortgage or sell the
same. During her lifetime the widow made a transfer in trust
of said securities received under the will of her husband dir-
ecting that she should receive the income therefrom for life
and that upon her death the entire trust estate should be
paid to her daughter. The widow died. The daughter wrote
the trustee that she elected to take the securities under
the will of her father. The court held that the daughter
did take the securities under the will of her father and
that their value at the time of the widow's death is not
included in her gross estate. We believe that the United
States Board of Tax Appeals has laid down the correct rule
to be applied in such a case.

You are therefore advised that the husband's half
of the community property which now passes to his heirs upon
the death of his surviving wife was taxable in accordance
with its value at the time of the husband's death and is not
taxable under the Texas Inheritance Tax laws at the time of
the death of the surviving wife as part of her estate.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By [signature]
Billy Goldberg
Assistant

BG:RS

APPROVED OCT 30, 1940

[signature]

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN